UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EGGLESTON,

       Petitioner,

                                             CASE NO. 2:11-CV-11327
v.                                    JUDGE ARTHUR J. TARNOW
                                             MAGISTRATE JUDGE PAUL KOMIVES

JEFFREY WOODS,

       Respondent.[1]
                                 /

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1); RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #12); PETITIONER'S MOTION TO COMPEL (docket #17); and PETITIONER'S MOTION TO STAY (docket #18)**

I.      RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment, deny petitioner's motion to compel, and deny petitioner's motion for stay. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.     REPORT:

A.     *Procedural Background*

Petitioner Robert Eggleston is a state prisoner, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner is currently serving a sentence of life imprisonment imposed following 1984 conviction for assault with intent to commit murder. Petitioner's application and the state court record reveal the following time line of the state court

---

[1] By Order entered this date, Jeffrey Woods has been substituted in place of John Prelesnik as the proper respondent in this action.

proceedings:

- In 1984, petitioner was convicted of assault with intent to commit murder but acquitted of first degree criminal sexual conduct following a jury trial in the Monroe County Circuit Court. On August 31, 1984, the trial court imposed its sentence.

- Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals, raising eleven claims for relief. On January 22, 1986, the court of appeals affirmed petitioner's conviction and sentence. *See People v. Eggleston*, 148 Mich. App. 494, 384 N.W.2d 811 (1986).

- Petitioner, through counsel, filed an application for leave to appeal in the Michigan Supreme Court. The Supreme Court denied petitioner's application in a standard order on October 6, 1986. *See People v. Eggleston*, No. 78466 (Mich. Oct. 6, 1986).

- On May 1, 1996, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509. The trial court denied the motion on January 10, 1997.

- Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on application on March 27, 1998. *See People v. Eggleston*, No. 200741 (Mich. Ct. App. Mar. 27, 1998).

- Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application for leave to appeal in a standard order on March 30, 1999. *See People v. Eggleston*, 459 Mich. 963, 591 N.W.2d 35 (1999). On June 29, 1999, the Supreme Court denied petitioner's motion for reconsideration. *See People v. Eggleston*, 459 Mich. 963, 598 N.W.2d 342 (1999).

On March 16, 2011, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Respondent filed a motion for summary judgment on August 17, 2011, arguing that petitioner's habeas application is untimely. Petitioner filed a reply in support of his habeas petition, a motion to compel discovery, and a motion to stay the proceedings on September 7, 2011.

---

[2]Although petitioner's application is file-stamped March 31, 2011, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated March 16, 2011. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on March 16, 2011.

For the reasons that follow, the Court should grant respondent's motion for summary judgment and deny petitioner's motions.

B.     *Statute of Limitations*

   1.     *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations

---

[3] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

period may begin to run. The claims asserted in petitioner's habeas application do not implicate subparagraphs (B) through (D), and petitioner does not contends that any of these provisions is applicable here. Thus the commencement date established by subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded in 1986 when the Michigan Supreme Court denied his application for leave to appeal on direct appeal. Because petitioner's conviction became final prior to the enactment of the AEDPA, he had one year from the effective date of the Act, or until April 24, 1997, to file his habeas application. *See McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Here, petitioner's application was not filed

until over 14 years after the expiration of the limitations period. Thus, the petition is untimely, unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on May 1, 1996. By this time, seven days had elapsed on the limitations clock. Thus, when the clock began again when the Michigan Supreme Court denied his motion for reconsideration on June 29, 1999, petitioner had 358 days, or until June 22, 2000, in which to file his habeas application. Because petitioner's application was not filed until March 16, 2011, nearly 11 years after the limitation period elapsed, his application is untimely.

    2.    *Petitioner's Arguments*

Petitioner does not quarrel with the foregoing calculation. Rather, petitioner contends that he is entitled to equitable tolling of the limitations period because he is not knowledgeable in the law and because the trial court failed to provide him with a copy of his sentencing transcript. The Court should conclude that petitioner is not entitled to equitable tolling of the limitations period on these bases. Likewise, although not explicitly raised by petitioner, the Court should conclude that the state court's failure to provide a sentencing transcript does not entitle him to a delayed commencement of the limitations period under § 2244(d)(1)(B) or (D).

*a. Delayed Commencement*

As noted above, although the limitations period usually commences when the petitioner's conviction becomes final, in certain circumstances a later starting date may apply. Importantly, in applying the delayed commencement provisions set forth in § 2244(d)(1)(B)-(D), a court must apply a claim-by-claim approach. *See Souliotes v. Evans*, 622 F.3d 1173, 1179-80 (9th Cir. 2010); *Fielder*

5

*v. Varner*, 379 F.3d 113, 117-20 (3d Cir. 2004); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005) (emphasis added) (explaining, in dicta, that § 2244(d)(1) "provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), *but three others that require claim-by-claim consideration*, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate)."); *Ege v. Yukins*, 485 F.3d 364, 373 (6th Cir. 2007) (explaining, in applying § 2244(d)(1)(D), that "[w]e must analyze Ege's two habeas claims separately with regard to . . . the section 2244(d)(1) bar."). Petitioner does not, however, suggest any specific claims which he is unable to pursue because he lacks a copy of the sentencing transcript. Rather, he merely states that "there is every reason to believe that the missing documentation in this case may provide information that is beneficial to the petitioner's appeal." Pet'r's Reply, at 4. He does not suggest that the missing transcript relates to any of the claims actually asserted in the petition, and thus neither § 2244(b)(1)(B) nor § 2244(b)(1)(D) would save those claims. In any event, petitioner cannot show that either of these delayed starting dates is applicable.

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001). Thus, to invoke this provision a petitioner must "'allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a legal cause of action before the limitations period expired." *Winfield*, 66 Fed. Appx. at 583 (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000) (internal quotation omitted)). As another court has

6

explained: "Section 2244(d)(1)(B) pertains only to state-imposed impediments that prevent prisoners from filing a *federal* petition for a writ of habeas corpus. [Petitioner] cites no authority–nor has the court's own research revealed any–to support the conclusion that an impediment to filing a petition for review in state court constitutes an impediment to filing a federal habeas petition, within the meaning of section 2244(d)(1)(B)." *United States ex rel. Willhite v. Walls*, 241 F. Supp. 2d 882, 886-87 (N.D. Ill. 2003). Further, as noted above, in order to be entitled to the benefit of § 2244(d)(1)(B), petitioner must show not only that the state created an impediment to the filing of his petition, but also that the impediment was itself unconstitutional. *See Dunker*, 154 F. Supp. 2d at 104-05.

Here, petitioner cannot show that he is entitled to invoke the delayed starting provision of § 2244(d)(1)(B) for two reasons. First, petitioner cannot show that the absence of the sentencing transcript impeded his ability to file his habeas petition. On the contrary, petitioner was able to file both his state court motion for relief from judgment and his habeas application in this Court despite not having a copy of this transcript. It is therefore apparent that he was able to file his habeas application notwithstanding the state's failure to provide the transcript. Thus, the allegedly unconstitutional state action did not constitute an "impediment" to the filing of his habeas application. "The filing of the instant [petition] before the removal of the alleged impediment suggests that the government action did not prevent [petitioner] from filing the action." *United States v. Tamfu*, No. 3:99-CR-0279-P(01), 2002 WL 31452410, at *3 (N.D. Tex. Oct. 5, 2002); *see also*, *United States v. Moore*, 38 Fed. Appx. 185, 186 (4th Cir. 2002) (per curiam) ("Moore noted that he has not received the materials he requested, yet he filed his motion and did not state that his motion was incomplete or provide any reason why he ended his wait."); *Taranto v. Robinson*, No. 00-CV-72742, 2001 WL 739546, at *3 (E.D. Mich. May 31, 2001) (Cleland, J.); *Neuendorf*, 110 F. Supp. 2d at 1153. The claims asserted in petitioner's application, based on the claims he had already raised in state courts,

were well known to petitioner, and he needed no more to be able to file his habeas petition. *See* Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (a motion "shall set forth in *summary form* the facts supporting each of the grounds" raised) (emphasis added); *cf. Pliler v. Ford*, 542 U.S. 225, 232 (2004) ("petitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records"). Once petitioner satisfied the minimal requirements of Rule 2, several avenues would have been available to him and the court to make sure that all the facts were before the Court. *See* Rules 6-8, 28 U.S.C. foll. § 2254 (allowing for discovery, expansion of the record, and an evidentiary hearing).

Further, petitioner cannot show that the state court's failure to provide him with transcripts violated the Constitution. As the Supreme Court noted in *United States v. MacCollom*, 426 U.S. 317 (1976), an indigent defendant has no constitutional right to a transcript absent a showing of need, *id*. at 326, and most courts "have held that the actual filing of a habeas petition is a necessary prerequisite." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (citing cases). Thus, as one court has explained, "a prisoner does not have an absolute right to a trial transcript to assist him in preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such material only after judicial certification that a transcript is necessary to decide issues presented by a non-frivolous pending case." *United States v. Van Poyck*, 980 F. Supp. 1108, 1111 n.2 (C.D. Cal. 1997). It is equally well established that "[t]here is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Thus, petitioner can show neither that the lack of discovery and transcripts impeded his ability to file a habeas petition, nor that any such impediment was unconstitutional. He is therefore unable to rely on § 2244(d)(1)(B). *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002); *Crawford v. Costello*, 27 Fed. Appx. 57,

8

59 (2d Cir. 2001).

Nor is petitioner entitled to a delayed commencement of the limitations period under § 2244(d)(1)(D) based on the belated discovery of the factual predicate of his claims. This provision requires a court to review the factual predicate of petitioner's claims and determine whether they could have been discovered prior to when his conviction became final. It "does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999). In short, the operative inquiry is whether the facts themselves, rather than the legal import of or evidence supporting them, could not have been discovered through the exercise of reasonable diligence. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (Gadola, J.); *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000). As the Fifth Circuit has explained, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *accord Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001). Petitioner bears the burden of establishing his entitlement to delayed commencement under § 2244(d)(1)(D). *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003) (Gadola, J.). To meet this burden, petitioner must "specify how the factual predicate of his claims could not have been discovered earlier" and "indicate what steps, if any, he took to discover these claims." *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002) (Roberts, J.).

As one court has observed, "[t]his provision . . . runs from the date a petitioner [or movant]

is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." *Youngblood v. Greiner*, No. 97 Civ. 3289(DLC), 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998). And, as the Fifth Circuit has explained, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *accord Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001). Thus, the Courts considering the issue have uniformly concluded that the lack of transcripts or other evidence does not make this provision applicable where the petitioner should know of the underlying claims which the evidence will allegedly support. *See Lancaster v. Alameida*, 51 Fed. Appx. 765, 766 (9th Cir. 2002); *Tineo v. United States*, No. 01 Civ. 4511, 2002 WL 1997901, at *3 (S.D.N.Y. Aug. 29, 2002); *United States v. Concepcion*, No. 98-2372, 1999 WL 225865, at *2 (E.D. Pa. Apr. 19, 1999) ("Facts contained in Petitioner's transcripts are not newly discovered facts sufficient to extend the time limitation for filing under the AEDPA."); *United States v. Agubata*, No. HNM-97-3629, 1998 WL 404303 (D. Md. July 9, 1998). Thus, the Court should conclude that petitioner knew or should have known of the facts underlying his claims at the time of his trial and sentence, and that § 2244(d)(1)(D) is therefore inapplicable.

### *b. Equitable Tolling*

Petitioner argues that he is entitled to equitable tolling of the limitations period based on his lack of knowledge of the law and the state court's failure to provide him a copy of the sentencing transcript. The Court should conclude that petitioner is not entitled to equitable tolling on these bases.

The habeas limitations provision set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Holland*, 130 S. Ct. at 2562. "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Importantly, diligence alone is not sufficient; petitioner must also show that some extraordinary circumstance prevented him from timely filing his petition. *See Mathis v. Thaler*, 616 F.3d 461, 474-76 (5th Cir. 2010) (petitioner not entitled to equitable tolling even though he had acted diligently).

As to the first basis upon which petitioner seeks equitable tolling, neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.); *cf. Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Thus, petitioner is not entitled to equitable tolling on this basis.

With respect to the missing transcripts, this likewise provides no basis for equitable tolling. First, petitioner cannot show that he was pursuing his rights diligently. As noted above, petitioner filed his state court motion for relief from judgment one week after the AEDPA was enacted, giving petitioner nearly a full year in which to file his habeas application following the conclusion of the state postconviction proceedings on June 29, 1999. By petitioner's own account, however, he did not request the missing transcripts until February 15, 2007, *see* Pet'r's Mot. to Compel Discover, at 1, nearly eight years after the conclusion of the state postconviction proceedings and nearly seven years after the limitations period expired. This long span of time with no attempt by petitioner to pursue

11

his rights suggests a lack of diligence. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (petitioner's failure to pursue his rights in five month period in which he still had time to file habeas petition "suggests a lack of diligence."); *Diaz v. Milyard*, 314 Fed. Appx. 146, 148 (10th Cir. 2009) (petitioner not entitled to equitable tolling based on lack of access to court records and transcripts where petitioner did not request such records until four years after limitations period began to run).

Nor can petitioner show that the lack of access to the transcripts impeded his filing. As explained above in connection with the delayed commencement issue, access to these transcripts was not necessary for petitioner to file his habeas application. As the Sixth Circuit has recently explained, "[s]tanding alone . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." *Hall*, 662 F.3d at 750-51. Nor is the lack of access to the transcripts sufficient even when considered in combination with his *pro se* status and lack of knowledge of the law. *See Hall*, 662 F.3d at 752 ("Hall's inability to access the transcript of his trial is unfortunate. But it is not enough, even in combination with his pro se status and limited law-library access, to warrant the equitable tolling of AEDPA's limitations period.").

In short, petitioner failed to diligently pursue his rights, and neither his ignorance of the law nor the lack of transcripts (nor the two taken together) constitutes an extraordinary circumstance that prevented petitioner from timely filing his habeas application. Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling.

C.      *Petitioner's Motions to Compel and to Stay*

Petitioner has also filed a motion to compel discovery, in which he seeks an order requiring the state court to provide him with transcripts, and a motion to stay the case until the transcripts can be review. The Court should deny these motions. As noted above, petitioner's application is

12

untimely, and nothing in the state court transcripts can alter this result. Thus, there is not "good cause" for discover, *see* Rule 6, 28 U.S.C. foll. § 2254, nor is there any reason to stay the Court's resolution of the limitations issue.

D.  *Recommendation Regarding Certificate of Appealability*

    1.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues

are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's

ruling on the procedural question is reasonably debatable. As noted above, petitioner's habeas application is untimely by a number of years, a fact that petitioner does not contest, and petitioner has provided no basis for concluding that he is entitled to a delayed starting of the limitations period under § 2244(d)(1)(B)-(D). Further, petitioner's request for equitable tolling is foreclosed by the Sixth Circuit's decision in *Hall*. Thus, the resolution of the limitations issue is not reasonably debatable, and the Court should conclude that petitioner is not entitled to a certificate of appealability.

E.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should also deny petitioner's motions for discovery and to stay, and deny a certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                              s/Paul J. Komives
                                              PAUL J. KOMIVES
                                              UNITED STATES MAGISTRATE JUDGE
Dated: 2/15/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on February 15, 2012.
>
>                         s/Eddrey Butts
>                         Case Manager